IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00232-BNB

JEFFERY R. JENSEN,

Applicant,

v.

STATE OF COLORADO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

## ORDER TO FILE AMENDED APPLICATION

Applicant, Jeffery R. Jensen, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Jensen has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.

The Court must construe the habeas corpus application liberally because Mr. Jensen is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Jensen will be ordered to file an amended application.

Mr. Jensen alleges that he was convicted in Adams County District Court on charges of sexual assault on a child, and that he was sentenced to six years to life in prison. He asserts that the judgment of conviction was entered on May 25, 2000. Mr. Jensen fails, however, to assert any claims for relief in the application.

The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); **Browder v. Director, Dep't of Corrections**, 434 U.S. 257, 269 (1978); **Ewing v. Rodgers**, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Rule 4 of the Rules Governing Section 2254 Cases also requires Mr. Jensen to go beyond notice pleading. *See* **Blackledge v. Allison**, 431 U.S. 63, 75 n.7 (1977). He must clearly allege his claims, and he must allege specific facts to support each asserted claim. Naked allegations of constitutional violations are not cognizable under 28 U.S.C. § 2254. *See* **Ruark v. Gunter**, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Mr. Jensen has failed to meet the requirements of both Fed. R. Civ. P. 8 and Rule 4 of the Section 2254 Rules. The application fails to provide a short and plain statement of his claims showing that he is entitled to relief. Mr. Jensen will be directed to file an amended application that complies with Fed. R. Civ. P. 8 and Rule 4 of the Section 2254 Rules. In the amended application, Mr. Jensen is directed to state, clearly and concisely, each claim he intends to assert in this action. Mr. Jensen also is

instructed to assert specifically how his federal rights were violated in his state criminal case. Mr. Jensen may not refer to or rely upon attachments to explain his asserted claims or to provide support for the asserted claims.

Finally, the Court notes that Mr. Jensen has not named a proper Respondent in the application. He may not sue the "State of Colorado." Application at 1. The law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian. *See* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; **Harris v. Champion**, 51 F.3d 901, 906 (10th Cir. 1995). It appears that the warden of the Crowley County Correctional Facility is the proper custodial Respondent in this action because Mr. Jensen alleges that he is incarcerated at th at prison. Therefore, Mr. Jensen will be directed to name the proper Respondent in the amended application he will be ordered to file. Accordingly, it is

ORDERED that Applicant, Jeffery R. Jensen, file **within thirty days from the date of this order** an amended application that complies with this order. It is

FURTHER ORDERED that Mr. Jensen's amended application shall be titled, "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Jensen, together with a copy of this order, two copies of the following form for use in filing the amended

application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Jensen fails within the time allowed to file a second amended application as directed, the amended application will be denied and the action will be dismissed without further notice.

DATED February 9, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00232-BNB

Jeffrey R. Jensen
Prisoner No. 105309
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form** to the above-named individuals on 2/9/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk