IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 09-cv-00232-BNB

JEFFERY R. JENSEN,

      Applicant,

v.

WARDEN SMELSER, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 0 1 2009

GREGORY C. LANGHAM
             CLERK

_____

ORDER OF DISMISSAL

_____

Applicant, Jeffery R. Jensen, is a prisoner in the custody of the Colorado

Department of Corrections (DOC) who currently is incarcerated at the Crowley County

Correctional Facility in Olney Springs, Colorado.  Mr. Jensen initiated this action by

filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254

challenging the validity of his conviction in Adams County District Court case number

99CR2124.  He has paid the $5.00 filing fee.

On March 9, 2009, Magistrate Judge Boyd N. Boland ordered Respondents to

file within twenty days a pre-answer response limited to addressing the affirmative

defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court

remedies under 28 U.S.C. § 2254(b)(1)(A).  On March 24, 2009, Respondents filed

their pre-answer response asserting that the instant action is barred by the one-year

limitation period and that Applicant failed to exhaust his claims, which now are

procedurally defaulted. On April 6, 2009, Mr. Jensen filed a reply to the pre-answer response.

The Court must construe liberally the application and the reply filed by Mr. Jensen because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period. Because the Court will dismiss the action as time-barred, the Court will not address Respondents' remaining arguments for dismissal.

Mr. Jensen pleaded guilty to charges of sexual assault on a child on March 9, 2000, in Adams County District Court case number 99CR2124. He was sentenced on May 25, 2000, to an indefinite term of six years to life. Mr. Jensen did not appeal directly from his conviction or sentence. On September 22, 2000, he filed a motion to reconsider his sentence. On September 28, 2000, the trial court denied his motion for sentence reconsideration. Mr. Jensen did not appeal from the denial of the motion to reconsider his sentence.

On August 29, 2007, nearly seven years later, Mr. Jensen filed a motion to correct illegal sentence and for postconviction relief. The trial court denied the claims raised pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure on September 25, 2007, and the illegal sentence claim on October 15, 2007. On May 15, 2008, the Colorado Court of Appeals affirmed. *See People v. Jensen*, No. 07CA2154 (Colo. Ct. App. May 15, 2008) (not published). On October 16, 2008, the Colorado

Supreme Court denied certiorari review.  The Court received the original habeas corpus

application for filing on February 14, 2009.  Mr. Jensen signed the application on

January 22, 2009, and indicates that he mailed the application to this Court on the

same day.  *See* application at 9, certificate of service.  In response to Magistrate Judge

Boland's February 9, 2009, order, Mr. Jensen filed an amended application on February

23, 2009, asserting three claims.

As noted above, Respondents contend that this action is barred by the one-year

limitation period in 28 U.S.C. § 2244(d).  That statute provides as follows:

> (1)  A 1-year period of limitation shall apply to an application
> for a writ of habeas corpus by a person in custody pursuant
> to the judgment of a State court.  The limitation period shall
> run from the latest of–
>
> > (A)  the date on which the judgment became
> > final by the conclusion of direct review or the
> > expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing
> > an application created by State action in
> > violation of the Constitution or laws of the
> > United States is removed, if the applicant was
> > prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right
> > asserted was initially recognized by the
> > Supreme Court, if the right has been newly
> > recognized by the Supreme Court and made
> > retroactively applicable to cases on collateral
> > review; or
> >
> > (D)  the date on which the factual predicate of
> > the claim or claims presented could have been
> > discovered through the exercise of due
> > diligence.
>
> (2)  The time during which a properly filed application for
> State post-conviction or other collateral review with respect

> to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Court first must determine when the one-year limitation period began to run. Mr. Jensen's conviction became final when the time for filing a direct appeal expired because he did not file a direct appeal. Pursuant to Rule 4(b) of the Colorado Appellate Rules, Mr. Jensen had forty-five days to file a notice of appeal after he was sentenced on May 25, 2000. As a result, the Court finds that Mr. Jensen's conviction became final on July 9, 2000. The Court also finds that the one-year limitation period began to run on July 10, 2000, the day after his conviction became final, and expired on July 10, 2001, because Mr. Jensen does not allege that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his claims before his conviction became final.

The 74 days between July 10, 2000, when Mr. Jensen's conviction became final, and September 22, 2000, when he filed the motion to reconsider, count against the one-year limitation period. The one-year limitation period was tolled from September 22, 2000, when Mr. Jensen filed a motion to reconsider his sentence, until September 28, 2000, when the trial court denied the motion for sentence reconsideration, plus the period from September 29, 2000, to November 13, 2000, the forty-five days during which Mr. Jensen could have sought an appeal under state law. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000), *see also* Colo. R. App. P. 4(b).

4

However, these calculations are basically immaterial because Mr. Jensen waited 2,480 days from November 13, 2000, the expiration of the period during which he could have sought an appeal under state law, until August 29, 2007, when he filed the motion to correct illegal sentence and for postconviction relief.  The motion to correct illegal sentence and for postconviction relief does not toll the one-year limitation period because it was filed long after the one-year limitation period expired.  *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by [the Antiterrorism and Effective Death Penalty Act (AEDPA)] will toll the statute of limitations").  Mr. Jensen did not submit his application to this Court until February 15, 2009, long after the limitation period expired on July 10, 2001.  Therefore, the instant action is time-barred in the absence of some reason to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time.  *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  Simple excusable neglect is not sufficient to support equitable tolling.  *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).  Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently.  *See Miller*, 141 F.3d at 978.  Finally, Mr. Jensen bears the burden of demonstrating that equitable tolling is appropriate in this action.  *See id.*

Mr. Jensen fails to allege any facts that might justify equitable tolling of the one-year limitation period.  Therefore, the Court finds that Mr. Jensen fails to demonstrate that equitable tolling is appropriate, and the instant action will be dismissed as barred by the one-year limitation period.  Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this _30_ day of ___April___, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00232-BNB

Jeffrey R. Jensen
Prisoner No. 105309
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

  I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/1/09

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk